19-2369-cr
*United States v. Parker*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand twenty-one.

PRESENT:    JOSÉ A. CABRANES,
            REENA RAGGI,
                        *Circuit Judges,*
            LEWIS A. KAPLAN,
                        *Judge.*[*]

_____

UNITED STATES OF AMERICA,

        *Appellee,*                19-2369-cr

        v.

TRAVIOUS PARKER,

        *Defendant-Appellant.*

_____

_____

[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR DEFENDANT-APPELLANT:** MARTIN J. VOGELBAUM, Federal Public Defender's Office for the Western District of New York, Buffalo, NY.

**FOR APPELLEE:** TIFFANY H. LEE, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney, Western District of New York, Buffalo, NY.

Appeal from a July 26, 2019 judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Travious Parker appeals from a judgment entered July 26, 2019 in the United States District Court for the Western District of New York, revoking his supervised release and sentencing him primarily to fifty-seven months in prison, to be followed by three years of supervised release.

While on supervised release, Parker was charged by the United States Probation Office with violating multiple mandatory conditions of his release, including the prohibition on "commit[ting] another federal state or local crime," after he was arrested and charged with second-degree robbery in violation of N.Y. Penal Law § 160.10, a state felony.[1] The District Court convened numerous status conferences and other hearings to discuss the violations with which Parker was charged. After a two-day final revocation hearing, the District Court concluded that Parker violated several conditions of his supervised release, including by committing third-degree robbery in violation of N.Y. Penal Law § 160.05, a Grade A violation under the United States Sentencing Guidelines ("U.S.S.G.").[2] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] Joint App'x 652.

[2] Under the U.S.S.G., a Grade A violation of supervised release is defined as "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence . . . ." U.S.S.G. § 7B1.1(a)(1).

On appeal, Parker primarily asserts that his due process rights were violated when the District Court found he committed robbery in the third degree, whereas the operative violation petition charged Parker with, *inter alia*, committing robbery in the second degree.

"Due process requires . . . that a defendant charged with violating a condition of supervised release be afforded notice of the charges against him before the court may revoke his supervised release."[3] Such "notice must be sufficient to allow the releasee to prepare to defend against the charges," which, for the alleged commission of a new crime, is generally satisfied by a written notice that "identifies the no-further-crime condition as the condition allegedly violated, identifies the crime allegedly committed, and contains a description of the basic facts underlying the new criminal charge, including the approximate dates of the events, the location at which they occurred, and the individuals involved."[4]

Because Parker did not raise an objection based on lack of notice at the revocation hearing, we review any such claim now for plain error.[5] The burden of showing plain error rests on the defendant asserting it.[6] "Plain error is: (i) error, that is (ii) plain, and (iii) affects substantial rights. Where these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if ... the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."[7]

We reject Parker's due process challenge. Here, the violation petition specified the no-further-crime condition as the condition allegedly violated, identified robbery among the crimes Parker was charged with committing, and stated the date, place, and details of that alleged robbery.[8] Specifically, the petition stated that Parker "approached [the victim], and punched and kicked [her] repeatedly while she was on the ground[,]" and then "took her purse and went back to his vehicle."[9] The petition further stated that the victim's purse was found in Parker's car and the victim was transported to the hospital for facial injuries.

---

[3] *United States v. Chatelain*, 360 F.3d 114, 121 (2d Cir. 2004).

[4] *Id.*

[5] *See Puckett v. United States*, 556 U.S. 129, 134–35 (2009).

[6] *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004); *United States v. Turner*, 720 F.3d 411, 427 (2d Cir. 2013).

[7] *United States v. Rodriguez*, 725 F.3d 271, 276 (2d Cir. 2013) (internal quotation marks omitted).

[8] Parker appears to concede on appeal that the violation petition "described the basic facts and cited specific statutory provisions." Appellant Br. 28.

[9] Joint App'x 652.

Parker nevertheless argues that his revocation sentence offends his due process rights because operative violation petition referenced second-degree robbery, not third-degree robbery, the state felony that the District Court found him guilty of committing. He is wrong.

The operative violation petition's inclusion of second-degree robbery afforded Parker sufficient constitutional notice of the lesser included offense of third-degree robbery.[10] As the Supreme Court has recognized, a criminal defendant receives adequate notice of lesser included offenses from the presence in an indictment of the corresponding greater offense.[11] The same conclusion applies to the offenses identified in a violation petition against a revocation defendant, who has fewer, not more, due process rights than a criminal defendant.[12]

Moreover, although the operative violation petition did not explicitly reference third-degree robbery, the District Court provided Parker with actual notice that he faced a violation finding on such a charge.[13]

In sum, Parker's conviction for a Class A violation of his supervised release upon a finding that he committed New York robbery in the third degree was not obtained in violation of his due process rights.[14]

---

[10] *Compare* N.Y. Penal Law § 160.05 ("A person is guilty of robbery in the third degree when he forcibly steals property."), *with id.* § 160.10 ("A person is guilty of robbery in the second degree when he forcibly steals property and when: . . . he . . . [c]auses physical injury to any person who is not a participant in the crime . . . ."); *see United States v. McElroy*, 910 F.2d 1016, 1022 (2d Cir. 1990) ("For one offense to be 'included' in a second offense, all of the elements of the first offense must be elements of the second.").

[11] *See Schmuck v. United States*, 489 U.S. 705, 717–18 (1989).

[12] *See United States v. Carthen*, 681 F.3d 94, 99 (2d Cir. 2012) (stating that revocation defendant cannot claim "full panoply of rights" afforded criminal defendant).

[13] *See* Joint App'x 218–19 (District Court explaining that alleged conduct exposed Parker to a finding that he engaged in forcible stealing, and "[w]hether it's robbery third or robbery second, it's a felony."); *id.* at 710 ("And if you took her purse in the course of beating her or punching her or hitting her, that would be robbery third."); *see also Chatelain*, 360 F.3d at 122 (finding revocation defendant received adequate notice when details of alleged violative conduct were provided not in the petition but "in advance of the revocation hearing").

[14] We note that the District Court found that Parker committed a Grade A violation of supervised release, and that only if the state felony committed by Parker was *not* a crime of violence could the violation been reduced to a Grade B. But the parties do not appear to have disputed that New York robbery, whether in the second degree or in the third degree, is a crime of violence for purposes of triggering a Grade A violation.

## CONCLUSION

We have reviewed all other arguments raised by Parker on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 26, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk